IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MARGARET L. BRUEGGING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-1076-SSA-CV-C-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Margaret Bruegging seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on August 4, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

whether existing evidence is substantial, we consider evidence that detracts from
the Commissioner's decision as well as evidence that supports it. As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff is a 48-year-old woman with a high school education who has past employment as an insurance salesperson and a retail sales clerk. Plaintiff claims disability beginning August 31, 2007. Plaintiff alleges disability due to bipolar disorder, nerves, diabetes, depression and other alleged impairments.

The Administrative Law Judge (ALJ) determined that plaintiff had the severe impairments of diabetes, asthma and bipolar disorder, but that she had the residual functional capacity to perform medium work, with noted limitations in sitting or standing/walking no more than six hours; avoidance of concentrated fumes, odors, dust gases and poor ventilation; social, stressful or complex environments, and work requiring a lot of socialization or complex detailed

work responsibilities. The ALJ determined that plaintiff had not been under a disability, as defined by the Social Security Act, from August 31, 2007, through November 2, 2009.

Plaintiff alleges that the ALJ erred in (1) not giving controlling weight to the opinion of treating psychiatrist Michael Navato, M.D., and relying on the opinion of nonexamining sources; and (2) improperly evaluating plaintiff's credibility.

The Government argues that the ALJ's credibility determination was proper and notes, among other things, plaintiff's poor work history. The Government also argues that the ALJ's assessment of medical opinion evidence is supported by substantial evidence.

"[T]he opinions of nonexamining sources are generally given less weight than those of examining sources." Wildman v. Astrue, 596 F.3d 959, 967 (8th Cir. 2010) (affirming decision to discredit evaluation of agency psychologist who did not examine the plaintiff). See also 20 C.F.R. § 404.1527(d)(1). A treating physician's opinion is generally given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2).

Here, plaintiff's treating psychiatrist's records of Dr. Navato were not available for review by the Commissioner's nonexamining medical sources. Rather, such evidence was available just prior to the hearing before the ALJ. While the Appeals Council's decision states that this additional evidence from Dr. Navato didn't provide a basis for changing the ALJ's decision, this court disagrees. "[T]he opinion of a nonexamining consulting physician is afforded less weight if the consulting physician did not have access to relevant medical records." McCoy v. Astrue, __ F.3d __, __ 2011 WL 3330504 *8 (8th Cir. Aug. 4, 2011). This court believes that proper consideration of plaintiff's mental health condition could not have been properly evaluated by medical experts who did not examine her or have the benefit of reviewing her treating psychiatrist's notes. Therefore, this case is remanded for further development of the evidence in this case, specifically that the Commissioner's medical experts review the medical records of plaintiff's treating psychiatrist, Dr. Navato, to determine the extent of plaintiff's mental health impairments.

IT IS ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further consideration and development of the record.

Dated this 9th day of September, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge